**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|                                              |                              |
|----------------------------------------------|------------------------------|
| UNITED STATES OF AMERICA,                    |                              |
| **Plaintiff**,                               |                              |
| v.                                           | **CRIMINAL NO. 23-00114 (RAM)** |
| [22] FRANCISCO AYALA-VEGA,                   |                              |
| **Defendant**.                               |                              |

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendant Francisco Ayala-Vega's *Motion Requesting Review of Detention Order and Release with Conditions or De Novo Detention Hearing* ("*Motion*"). (Docket No. 148). For the reasons set forth below, the Court **DENIES** defendant's *Motion*. Mr. Ayala shall remain detained pending trial.

### I. BACKGROUND

On March 22, 2023, a Grand Jury indicted Mr. Ayala on six counts:

- Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count 1);

- Possession/Distribution of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count 2);

- Possession/Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (Count 3);

- Possession/Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4);

- Possession/Distribution of Marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 5);

- Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count 6).

(Docket No. 3). Defendant was arrested on March 29, 2023. (Docket No. 57 at 1).

On March 31, 2023, the U.S. Probation Office submitted defendant's pretrial services report, which recommends detention pending trial. Id. at 6. The report characterizes defendant as a flight risk and danger to the community given the nature of the offense charged, his substance abuse history, and his criminal history, which includes sex offense, domestic violence, and illegal weapons charges. Id. at 5-6.

On April 14, 2023, Magistrate Judge Giselle López-Soler ordered that defendant be detained pending trial. (Docket No. 111). The Magistrate Judge found that Mr. Ayala had presented evidence to rebut the double presumption present in this case, but that the government had proven by clear and convincing evidence that no condition or combination thereof could reasonably assure the safety of the community. Id. at 2-3. The Magistrate Judge's reasons for detention included:

    1. The fact that defendant would be subject to a lengthy period of incarceration if convicted;

2. His prior criminal history, which includes a weapons conviction, and his history of violence; and

3. The fact that the Government proffered evidence that defendant dealt with chips that convert firearms into automatic weapons.

Id.

On April 28, 2023, defendant filed the present *Motion* seeking *de novo* review of his detention order. (Docket No. 148). This Court held the *de novo* detention hearing on May 16, 2023. (Docket No. 198). The Government proceeded by proffer and argued that defendant should remain in custody pending trial mainly because he is a danger to the community, but also because – to a lesser degree – he presents a flight risk. Defendant argued to the contrary.

After considering the evidence, the Court agrees with the Magistrate Judge's conclusion and finds that the Government has proven by clear and convincing evidence that there are no conditions of release which can reasonably assure the safety of the community. Therefore, Mr. Ayala shall remain detained pending trial. Nothing in this *Opinion and Order* should be read as affecting defendant's presumption of innocence. *See* 18 U.S.C. § 3142(j).

## II.  LEGAL STANDARD

### A. Standard of review for a detention or release order

A district court reviews a magistrate judge's order of detention or release under a *de novo* standard and "need not defer

to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) (citations omitted). A district court may also "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue." Id.

### B. The Bail Reform Act

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial. See 18 U.S.C. § 3142(a). Section 3142(e) of the Act provides that if, after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Id. § 3142(e).

#### 1. Standard of proof

The standard of proof for detention on the grounds of dangerousness is **clear and convincing evidence**. Id. § 3142(f). Clear and convincing evidence is "more than preponderance of the evidence but less than beyond a reasonable doubt." United States v. Acevedo-Ramos, 600 F. Supp. 501, 509 (D.P.R. 1984) (citations omitted). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness

or risk to the obstruction of justice." Id. On the other hand, the standard of proof for detention on the grounds of risk of flight is preponderance of the evidence. United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

### 2. Factors the Court must consider

18 U.S.C. § 3142(g) sets forth the factors judicial officers must consider when determining whether there are conditions of release that assure a defendant's appearance and the safety of the community. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### 3. The 18 U.S.C. § 3142(e) presumption

18 U.S.C. § 3142(e) creates a rebuttable presumption that no conditions can reasonably assure the appearance of the defendant and the safety of the community where there is probable cause that a defendant has committed one of the crimes listed in the statute or in the other circumstances set forth therein. United States v. Vargas-Reyes, 220 F. Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). Here, there is a rebuttable presumption created by defendant's alleged drug and firearms offenses. See 18 U.S.C. § 3142(e)(3)(A)-(B). A grand jury indictment alone suffices

to trigger the presumption. Vargas-Reyes, 220 F. Supp. 3d at 225 (citing, *inter alia*, United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

Once triggered, the 18 U.S.C. § 3142(e)(3) presumption imposes on the defendant a burden of production. Id. The defendant may satisfy this burden of production by introducing at least some evidence contrary to the facts presumed. Id. For that reason, "[t]he burden is not heavy." Id. Notably, the burden of persuasion always rests with the Government in both presumption and non-presumption cases. Id. However, the 18 U.S.C. § 3142(e)(3) presumption does not simply vanish once a defendant has produced some evidence. United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987). Instead, judges must keep the presumption in mind as an additional factor to the four listed in Section 3142(g). Id.

### III. DISCUSSION

**A. The nature and circumstances of the offense charged**

Mr. Ayala was indicted on six serious counts of drug trafficking and possession of illegal firearms. (Docket No. 3). If convicted, he faces a mandatory minimum sentence of 15 years and up to two life sentences. As Mr. Ayala is 48 years old, this means that he would be incarcerated at least into his 60s, but possibly for the rest of his life. This creates a strong incentive to flee. *See* United States v. Morla-Cabrera, 2021 WL 2658094, at *5 (D.P.R. 2021) (citing United States v. Hussain, 6 F. App'x 50, 52 (1st

Cir. 2001)). While Mr. Ayala does not appear to have international ties, he has purportedly admitted to temporarily fleeing from authorities in the past. *See* discussion *infra* Part III.C. While the Court's decision to detain defendant pending trial is based on dangerousness, the severity of the alleged offenses and the punishment prescribed by the relevant statutes certainly do not favor release.

B. **The weight of the evidence against defendant**

The weight of the evidence against defendant favors detention. The Government purports to have recorded phone conversations between Mr. Ayala and defendant 1 in which Mr. Ayala incriminates himself in the present as well as past offenses. Additionally, a witness for the Government allegedly saw Mr. Ayala engage in criminal behavior, including selling arms to defendants 1 and 2. Defendant has not challenged the validity of these recordings or the substance of the witness's accusations.

C. **Defendant's personal history and characteristics**

Defendant has strong ties to Puerto Rico and lacks any reported international ties. (Docket No. 57 at 2). Mr. Ayala reports no mental health issues. Id. at 4. The parties disagree on whether defendant has a history of using controlled substances, but he tested positive for cocaine when arrested and reported occasional marijuana use in his pretrial services report. Id.

As for Mr. Ayala's employment history, he reports having worked as a handyman, plumber, and professional scuba diver. The defense produced a letter from Carlos Rivera, a private contractor who says he has hired Mr. Ayala on and off for about 20 years. (Docket No. 199-1 at 1). Mr. Rivera's letter states that he is willing to provide Mr. Ayala work if released on bail. Id. at 2. On the other hand, as the Government notes, defendant was not able to provide an estimated income in the pretrial services report. (Docket No. 57 at 2-3). The Court also notes that the nature of defendant's employment would not allow for home detention as a condition.

What is most concerning to the Court is defendant's history of criminal and violent behavior. This is defendant's fifth arrest. His first was in 1993 for unlicensed firearm possession, transportation of a loaded firearm, and attempted possession of a firearm. Id. at 4. The unlicensed firearm possession charge was dismissed without reaching the merits pursuant to local rule 64. Defendant was convicted of the other two firearms charges – transportation of a loaded firearm and attempted possession of a firearm – and ordered to serve six months of probation. Id. In 1994, defendant was charged with statutory rape. Id. The case was dismissed without reaching the merits pursuant to local rule 247(a). Id. In 1995, defendant was charged with possession with intent to distribute controlled substances. Id. at 5. This charge

was also dismissed pursuant to local rule 247(a). Id. The fourth charge was for conjugal abuse and aggravated sexual conjugal assault. Id. These charges were dismissed due to the state's failure to prosecute within 60 days. Id.

In addition to defendant's arrest record, the Government's recordings of defendant purportedly contain self-incriminating statements about his past criminal and violent conduct. On these recordings, defendant allegedly admits to the firearms offenses he is presently charged with; to having waited for a woman in her home, beat her up, and left; and to having "gone fugitive" for allegedly raping and beating a woman but turning himself in after seeing himself on the Most Wanted list.

Defendant attempts to downplay his violent history. He notes that he only has one conviction from thirty years ago that resulted in just six months of probation. Mr. Ayala flags that this conviction is too remote to even count as a criminal history point against him under the guidelines. Defendant also mistakenly claims that the conviction was for conduct unrelated to the charges he is facing before this Court. Finally, Defendant cites to United States v. Castillo-Torres, 8 F.4th 68 (1st Cir. 2021) in asserting that the First Circuit warns against relying on mere charges in making a detention determination.

However, as defendant himself acknowledges, Castillo-Torres was a sentencing case. Though defendant tries to argue that this

makes the First Circuit's warning even more applicable in the pre-trial detention context, the Court disagrees. The First Circuit has held that nothing in the Bail Reform Act nor in the Constitution bars judges from considering a defendant's previous bad conduct even if it did not result in a conviction, though "a prior arrest should not be accorded the weight of a prior conviction." United States v. Acevedo-Ramos, 755 F.2d 203, 209 (1st Cir. 1985) (internal quotation omitted). Defendant's one conviction is in fact for offenses similar to the charges pending in this case, as it was also for firearms offenses. Defendant's other arrests were also for similar crimes or otherwise directly relevant to the dangerousness determination. These included another firearms offense, another drug-related crime, and three sexual violence offenses. Thus, the Court sees no issue with considering these five other charges that did not receive convictions. *See also* United States v. Rodriguez, 950 F.2d 85, 88-89 (2d Cir. 1991) (stating that it is unnecessary for the government to "present a record of violence or dangerous conduct in order to justify detaining a defendant on grounds of dangerousness").

Pre-trial detention determinations are simply a different beast than sentencing. The Court must decide without the benefit of a full trial whether a defendant is such a flight risk or danger to the community that he must be detained pending trial. To meet

his burden of producing some evidence to rebut the presumptions present in this case, defendant had an ex-girlfriend testify at his *de novo* hearing that he has never been violent with her. When compared with defendant's one conviction and five arrests for, and self-incriminating statements regarding, various drug, firearms, and sexual violence offenses, the Court must find that the Government has proven by clear and convincing evidence that defendant is a danger to the community.

On a final note, defendant's argument that he would comply with bail conditions as he has always done when arrested in the past does not sway the Court. First, the Government purports to have a recording of defendant admitting to "going fugitive" at one point, albeit for a short period of time. Second, that defendant has been on bail several times in the past only serves as evidence that he continues to engage in criminal behavior despite the multiple opportunities that he has been given to steer his life's course in a lawful direction.

D. **The nature and seriousness of the danger to any person or the community that would be posed by defendant's release**

The fourth and final factor also weighs in favor of detention. Drug and gun violence are a serious issue in Puerto Rico. Defendant's proposed bail conditions include an unsecured bond, home detention, electronic monitoring, and a Third-Party Custodian. If defendant is to work for Mr. Rivera, home detention

is not an option. Also, given the nature of the charged offenses, electronic monitoring cannot be said to be an effective means for ensuring Mr. Ayala does not continue to engage in such criminal conduct. *See* United States v. Tortora, 922 F.2d 880, 886-87 (1st Cir. 1990) ("electronic monitoring . . . cannot be expected to prevent a defendant from committing crimes or deter him from participating in felonious activity within the monitoring radius"). Defendant's ex-girlfriend and mother have offered to serve as Third-Party Custodians. But defendant's ex-girlfriend would be unable to watch Mr. Ayala while at her job with the municipal government. Nor is the Court convinced that defendant's sick mother, whom he looks after, would be an adequate custodian. Furthermore, as the Court discussed *supra* Part III.C, Mr. Ayala's criminal history indicates that he is undeterred from continuing to engage in criminal conduct. The Court is not convinced that these, or any conditions, could reasonably assure the safety of the community.

## IV. CONCLUSION

For the foregoing reasons, Mr. Ayala's *Motion* is **DENIED**. Defendant shall remain detained pending trial.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge